Christopher J. Kalil Informal Opinion Town Attorney No. 2006-11 Town of Inlet Kalil Eisenhut, LLC 1602 Sunset Avenue Utica, New York 13502
Dear Mr. Kalil:
You have requested an opinion regarding whether Municipal Home Rule Law § 10 authorizes two towns to consolidate their police departments. You have explained that the Town of Inlet, in Hamilton County, and the Town of Webb, in Herkimer County, are interested in such a consolidation. For the reasons explained below, we are of the opinion that while Municipal Home Rule Law § 10 does not grant the necessary authority, section 119-o of the General Municipal Law allows the towns to carry out this consolidation.
Statutory Background
Three statutory provisions are relevant to our analysis: Section 10 of the Municipal Home Rule Law, and article 5-G and section 121-a of the General Municipal Law. We briefly describe each one in turn.
First, section 10 of the Municipal Home Rule Law derives from article IX of the Constitution. Article IX grants local governments, including towns, broad powers to adopt local laws.See N.Y. Const. Art. IX, §§ 2(c), 3(d)(2). These powers include the authority to adopt and amend local laws relating to the local government's property, affairs, and government, as well as the power to adopt and amend local laws relating to enumerated topics (e.g., the powers and duties of its officers and employees).Id. § 2(c)(i), (ii)(1). Municipal Home Rule Law § 10
essentially duplicates this authority. See Municipal Home Rule Law § 10(1)(i); id. § 10(1)(ii)(a)(1) (authorizing local legislation relating to the powers and duties of a local government's officers and employees, including the creation or discontinuance of departments of its government and the prescription or modification of its officers' and employees' powers and duties).
Second, article 5-G grants municipal corporations, including towns, General Municipal Law § 119-n(a), the power to "enter into, amend, cancel and terminate agreements for the performance among themselves or one for the other of their respective functions, powers and duties on a cooperative or contract basis or for the provision of a joint service." Id. § 119-o(1). "Joint service" means the "joint provision of any municipal facility, service, activity, project or undertaking or the joint performance or exercise of any function or power which each of the municipal corporations . . . has the power by any other general or special law to provide, perform or exercise, separately." Id. § 119-n(c). Article 5-G "grants broad home rule power to municipalities . . . to determine the details of the arrangements into which they enter." Letter from Milton Alpert, counsel, New York State Office for Local Government, to Robert MacCrate, counsel to the Governor (Feb. 22, 1960),reprinted in Bill Jacket for ch. 102 (1960), at 6. It was intended to provide "an alternative procedure which may be utilized in place of any detailed statute authorizing cooperation among municipalities." Id. By virtue of the enactment of article 5-G, "local governments [were] given significant tools to provide the necessary services efficiently and economically."Id.
Finally, section 121-a of the General Municipal Law authorizes the creation of a joint town and village police department by a town or towns "in the same county" and an incorporated village or villages located wholly within such town or towns. General Municipal Law § 121-a. We agree with your conclusion that this section does not authorize the consolidation of the police departments of two towns in different counties.
Analysis
Article 5-G of the General Municipal Law provides authority for precisely the sort of consolidated effort that the towns here desire. Indeed, you have indicated that the towns are pursuing an article 5-G agreement for the joint provision of police services. We note that we have previously concluded that police services may be the subject of a municipal cooperation agreement. See
Op. Att'y Gen. (Inf.) No. 97-13 (city and town); Op. Att'y Gen. (Inf.) No. 95-43 (village and another municipality); Op. Att'y Gen. (Inf.) No. 92-17 (two villages); Op. Att'y Gen. (Inf.) No. 82-25 (town and village); Op. Att'y Gen. (Inf.) No. 81-62 (county and municipalities within); see also, e.g., Op. St. Comptr. No. 2000-24 (two non-contiguous villages); Op. St. Comptr. No. 86-60 (village and town); Op. St. Comptr. No. 83-239 (same); Op. St. Comptr. No. 80-284 (county and village).
As for section 10 of the Municipal Home Rule Law, its grant of authority is broad; it bestows upon towns substantial power to adopt local laws not inconsistent with state law. Moreover, nothing in section 10 expressly excludes the enactment of local laws that provide for consolidation of services among towns in different counties. Yet we also note that section 10 has been understood to authorize local governments to "regulate matters of local concern within their [individual] borders," resulting in "compartmentalized, individual entities . . . each exercising its own Home Rule authority" within its own borders. Mary E. Mohnach,Intermunicipal Agreements: The Metamorphosis of Home Rule, 17 Pace Envtl. L.Rev. 161, 167 (1999).
Regardless of whether section 10 is given a broad or narrow construction, in our view, the more specific grants of authority set forth in the General Municipal Law weigh against reading section 10 as providing a distinct basis of authority for consolidation of the towns' police departments. Section 119-o allows municipalities to enter into agreements for joint provision of services in the absence of more specific statutory authorization. Section 121-a expressly permits consolidation of police departments, but only by certain government units within the same county. These two provisions make clear that the Legislature has considered the question of how municipalities may consolidate the delivery of police services, and has set forth a scheme for doing so. It thus seems to us inappropriate to interpret the general language in the Municipal Home Rule Law as creating an alternative mechanism for accomplishing this goal.
For the reasons discussed above, we are of the opinion that, while article 5-G does provide a mechanism for cooperative provision of police services under the circumstances you describe, Municipal Home Rule Law § 10 does not provide authority for the two towns to consolidate their police departments.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions